FILED
2006 Nov-06 AM 09:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| vs. ) | Case Number: CR 00-S-409-S |
| ) | |
| LEONARD TYRONE WILLIS ) | |

## MEMORANDUM OPINION

This matter is before the court on defendant Leonard Tyrone Willis' motion for a writ of error coram nobis. (doc. no. 44).[1] Upon consideration, the court finds that the motion is due to be dismissed without prejudice.

## BACKGROUND

Willis was convicted on his April 26, 2001, plea of guilty to the charges of possessing "crack" cocaine with the intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B) and possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). The defendant was sentenced on September 26, 2001, to a custodial term of 70 months as to the drug offense and 60 months on the gun offense, with the sentences to be served consecutively.

Willis previously filed a motion to correct/vacate his sentence pursuant to 28

---

[1] References to "Doc. ___" are to the documents as numbered by the Clerk of the Court in the court's record in this case.

U.S.C. § 2255. Because his motion was not filed within the statutorily prescribed period, it was dismissed.

On June 9, 2003, Willis filed the present motion for a writ of error coram nobis. He challenges the calculation of his Sentencing Guidelines range premised on the assertion that it was incorrectly determined. Willis asserts that the court should not have assessed him two criminal history points, because his prior criminal cases should have been considered "related" for purposes of calculating the Sentencing Guidelines range. If correct, this argument would lower Willis's criminal history category from a level "III" to a level "II," reducing his sentencing range from 70-87 months to 63-78 months on the drug offense.

The Court required the United States to appear and show cause why the requested relief should not be granted. The United States responded as required. In pertinent part, the prosecutor asserts that the present motion is procedurally barred because it seeks "relief that the federal *habeas* statute affords" and, therefore, the defendant "is precluded from using this procedural avenue . . . unless he first obtains leave of the court of appeals." (Response at 5).[2]

The court afforded the defendant an opportunity to respond. Willis filed a response in which he asserts that this is an instance where he should be permitted to

---

[2]The response of the United States is located at document 46.

proceed by error coram nobis, because this issue could not have been raised earlier. (Opposition at 5).[3]

## DISCUSSION

The law is clear that a successive motion pursuant to § 2255 may not be reviewed by this court unless the defendant first obtains permission to file a second motion from the Court of Appeals for the Eleventh Circuit.[4] It is undisputed that the

---

[3]The defendant's opposition to the response of the United States is located at document 49.

[4]The relevant statute provides, in pertinent part, as follows:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> >
> > (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255 at ¶ 8.

> 28 U.S.C. § 2244 provides, in pertinent part, as follows:
>
> (b) . . .
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

defendant has not obtained the requisite permission from the Eleventh Circuit. Such permission is a jurisdictional requirement and, accordingly, this court cannot entertain his motion. *See United States v. Garcia*, 181 F.3d 1274, 1275 (11th Cir. 1999). In *Sun v. United States*, 342 F. Supp. 2d 1120 (N.D. Ga. 2004), the court stated:

> The writ of error coram nobis is of the same general character as a § 2255 motion. *Morgan*, 346 U.S. at 506 n.4, 74 S. Ct. 247. Courts have been reluctant to allow successive § 2255 petitions, preferring to ensure finality in postconviction proceedings. *See, e.g., Gonzalez* [*v. Secretary for the Department of Corrections*], 366 F.3d [1253,] 1269 [11th Cir. 2004]; *Johnson v. United States*, 340 F.3d 1219, 1224 (11th Cir. 2003). Moreover, the restrictions on filing a successive petition cannot be avoided by simply placing a different label on the motion. *See Gonzalez*, 366 F.3d at 1263. Considering the limited circumstances in

---

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

28 U.S.C. § 2244(b).

which successive petitions are permitted, the Plaintiff should not avoid the bar to motions to set aside a conviction based on previously asserted grounds simply because his motion is now construed as a writ of error coram nobis.

*Sun*, 342 F. Supp. 2d at 1127 n.6.

## CONCLUSION

Premised on the foregoing, the motion for a writ of error coram nobis is due to be dismissed without prejudice to the defendant's right to seek permission from the Eleventh Circuit Court of Appeals to file a successive § 2255 motion. An appropriate order will be entered.

DONE this the 6th day of November, 2006.

_____
United States District Judge